UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH HAZLEY | No. 17 CR 430<br><br>Judge Sharon Johnson Coleman |

**GOVERNMENT'S MOTION IN LIMINE TO BAR ALLEGATIONS OF WITNESS WRONGDOING NOT INVOLVING DISHONESTY**

The UNITED STATES OF AMERICA, through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby respectfully moves *in limine* to bar allegations of witness wrongdoing not involving dishonesty, including cross examination on witnesses' prior arrests and misdemeanor convictions.

**I.      BACKGROUND**

The superseding indictment in this case charges defendants Joseph Hazley and Charles McFee with conspiracy to engage in sex trafficking of Minor A, in violation of 18 U.S.C. § 1594(c) (Count One), and sex trafficking of Minor A, in violation of 18 U.S.C. § 1591(a) (Count Two).[1] The superseding indictment also charges Hazley with transportation of Victim 2 in interstate commerce, with the intent that Victim 2 engage in prostitution, in violation of 18 U.S.C. § 2421(a) (Counts Three through Five). The government has disclosed to defendant the criminal histories of the witnesses it may call at trial. Several witnesses have arrests that did not result in

---

[1] McFee pled guilty on April 3, 2018. R. 88.

convictions and arrests that resulted in misdemeanor convictions.[2] These arrests and misdemeanor convictions are not admissible under Rule 403, Rule 608(b), or Rule 609.

## II. ARGUMENT

As a general matter, under Federal Rule of Evidence 608(b), a defendant is permitted to inquire into specific bad acts of a witness only if such acts are "probative of truthfulness or untruthfulness," *United States v. Manske*, 186 F.3d 770, 774 (7th Cir. 1999), and if the probative value of the evidence outweighs any unfairly prejudicial effect. *United States v. Saunders*, 166 F.3d 907, 920 (7th Cir. 1999). Similarly, Rule 609(a) permits the introduction of a witness's criminal convictions unless the probative value of the evidence is substantially outweighed by its prejudicial effect. FED. R. EVID. 609(a), 403. The purpose of these Rules "is to allow a party to attempt to cast doubt on a witness's reliability for telling the truth." *Varhol v. Nat'l R.R. Passenger Corp.*, 909 F.2d 1557, 1567 (7th Cir. 1990) (en banc). For example, "[a]cts involving fraud or deceit" clearly cast doubt on a witness's truthfulness. *Id*. In contrast, non-fraud offenses, such as "murder, assault, [and]

---

[2] For example, Victim 2, who is anticipated to testify at trial, has a prior conviction for misdemeanor prostitution. *See* 720 ILCS 5/11-14. Another witness who is anticipated to testify at trial has a prior conviction for misdemeanor reckless conduct. *See* 720 ILCS 5/12-5-A.

battery," may be probative of violence, but they do not bear on a witness's reliability for telling the truth. *Id.*

### A.   Arrests or Conduct Not Resulting in Conviction.

By its express terms, Rule 609 permits evidence only of convictions, not arrests. Several victims and witnesses in this case have arrests that did not result in convictions. These arrests are irrelevant. The fact that witnesses were charged with, but not convicted of, a crime has no bearing on the witnesses' credibility or whether the defendant committed the crimes charged in the indictment. Indeed, the mere fact of an arrest, without a subsequent conviction, does not prove anything. "Prior arrests are unproven charges that are inadmissible, irrelevant and highly prejudicial." *Fletcher v. Conway*, No. 89 C 5183, 1991 WL 24460, at *2 (N.D. Ill. Feb. 21, 1991). Therefore, the court should exclude any cross examination or evidence of prior arrests not resulting in conviction.

Any marginal relevance of such arrests is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and misleading the jury. If the jury is presented with references to or evidence of the witness's arrests, the jury may improperly conclude that: (a) it need not give the same weight to the witness's testimony as it would to witnesses who have not been arrested; (b) the victims were convicted of/guilty of the crimes for which they were arrested; or (c) that the victims

3

were not in fact victims because they have criminal histories. Any of these conclusions would be improper and would cause undue prejudice to the government's case.

Nor are arrests or ramifications short of conviction admissible under Fed. R. Evid. 608(b). Rule 608(b) provides that specific instances of past conduct may be inquired into on cross-examination if and only if they concern the witness's character for truthfulness. Courts have construed Rule 608(b) to restrict cross-examination on prior arrests absent special facts bearing on the witness's character for the specific trait of truthfulness. *See Cruz v. Safford*, 579 F.3d 840, 844-45 (7th Cir. 2009) (upholding exclusion of prior arrests because they had no bearing on truthfulness); *United States v. Mitchell*, 502 F.3d 931, 967 (9th Cir. 2007) (upholding exclusion of prior theft, not resulting in a conviction, because it has no bearing on truthfulness); *United States v. McCarroll*, No. 95 CR 48, 1996 WL 99442, at *12 (N.D. Ill. Mar. 4, 1996) (excluding arrests for battery and theft and stating that, "[i]n general, arrests and charges which did not lead to a conviction cannot be used for impeachment."). Even then, defendant should be limited to inquiring only about the specific conduct that relates to truthfulness, and should not be permitted to elicit that the witness was arrested for such conduct. *See Young v. James Green Mgmt., Inc.*, 327 F.3d 616, 626 n.7 (7th Cir. 2003).

4

B.     **Misdemeanor and Juvenile Convictions.**

Similarly, the Court should preclude cross-examination regarding misdemeanor and juvenile convictions of the witnesses that are not probative of truthfulness. Rule 609(a)(2) allows the party to impeach a witness using a misdemeanor conviction, but only if "establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Even then, these past instances may not be proved by extrinsic evidence. *See* Fed. R. Evid. 608(b). Under Rule 608(b), the defense also may impeach the witness using a misdemeanor conviction, but again, only if the specific acts in question are "probative of the [witness's] character for truthfulness or untruthfulness." The Advisory Committee Notes explain that Rule 609(a)(2) is generally limited to "perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretenses," and similar crimes.

For example, Victim 2, who is anticipated to testify at trial, has a prior conviction for misdemeanor prostitution. *See* 720 ILCS 5/11-14. Another witness who is anticipated to testify at trial has a prior conviction for misdemeanor reckless conduct. *See* 720 ILCS 5/12-5-A. Each of these prior convictions, along with the underlying specific acts, is inadmissible, because neither involves dishonesty. *See United States v. Washington*, No 16 CR 477, 2017 WL 3642112, at *12 (N.D. Ill. Aug. 24, 2017) (concluding misdemeanor conviction for reckless conduct does not

5

pertain to dishonest acts or false statements); *United States v. DeStefano*, No 94 CR 116, 1995 WL 398763, at *8 (N.D. Ill. Jun. 29, 1995) (concluding misdemeanor convictions for prostitution and disorderly conduct did not involve dishonesty and, thus, the defendant could not cross examine witnesses on those prior convictions); *see also United States v. Wright*, 564 F.2d 785, 791 (precluding defendant from impeaching witness with Illinois misdemeanor prostitution conviction).

Likewise, Rule 609(d) explains a more stringent requirement for the use of juvenile convictions. Such a conviction is admissible only if "an adult's conviction for that offense would be admissible to attack the adult's credibility" and "admitting the evidence is necessary to fairly determine guilt or innocence." *United States v. Hines*, 398 F.3d 713, 716 (6th Cir. 2005); *United States v. Williams*, 963 F.2d 1337, 1341 (10th Cir. 1992).

### C. Other "Bad" Acts

Cross-examination regarding prior bad acts that are not probative of truthfulness also should be barred pursuant to Rule 608(b) and Rule 611, as well as Rule 403. As noted above, pursuant to Rule 608(b) of the Federal Rules of Evidence, "except for criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." *See also* Fed. R. Evid. 611 ("Cross-examination should not go beyond the subject matter of the direct examination and matters

6

affecting the witness's credibility."). In addition to causing prejudice, cross-examination of this type may also confuse the issues or mislead the jury, as well as cause delay. Fed. R. Evid. 403.

Consistent with the Federal Rules of Criminal Procedure and past precedent, courts have excluded cross-examination into prior alleged bad acts of witnesses, including even allegations of violence. *See, e.g.*, *United States v. Holt*, 486 F.3d 997, 1001-02 (7th Cir. 2007) (defendant correctly prohibited from cross-examining an officer based on his thirty-day suspension from police force for conduct not relevant to issue of truthfulness); *United States v. Miles*, 207 F.3d 988, 994 (7th Cir. 2000) (court "correctly refused" to let defendant cross-examine a witness regarding his oversight in failure to register a gun because it did not "implicate fraud, deceit, or dishonesty."); *United States v. Henderson*, No. 11 CR 74, 2012 WL 698796, at *2 (N.D. Ill. Mar. 1, 2012); *United States v. Tate*, 633 F.3d 624 (8th Cir. 2011) (disallowing allegation of assault as "not probative of [the witness]'s character for truthfulness"); *United States v. Apperson*, 441 F.3d 1162, 1195-96 (10th Cir. 2006) (evidence of witness's involvement in drug operation not proper impeachment under Rule 608(b)); *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987) ("[W]hether or not [the witness] ever sold drugs is not probative of his truthfulness[.]").

So that the Court can make the appropriate rulings, before a witness testifies, and outside the presence of the jury, defense counsel should identify the prior "bad

7

acts" about which they intend to cross examine a given witness and demonstrate how that conduct is probative of truthfulness. This procedure will ensure that any alleged bad acts are not improperly communicated to the jury before the Court has the opportunity to determine whether such alleged bad acts are the subject of proper impeachment.

### III. CONCLUSION

For the reasons set forth above, the government respectfully requests this Court to grant the government's motion *in limine* to bar allegations of witness wrongdoing not involving dishonesty.

                            Respectfully submitted,

                            JOHN R. LAUSCH, JR.
                            United States Attorney

By:    */s/ Kelly M. Greening*
        KELLY M. GREENING
        CHRISTOPHER PARENTE
        Assistant United States Attorneys
        219 S. Dearborn, 5th Floor
        Chicago, Illinois 60604
        (312) 353-5300

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH HAZLEY | No. 17 CR 430<br><br>Judge Sharon Johnson Coleman |

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5 and the General Order on Electronic Case Filing (ECF), that on August 25, 2018, the Government's Motion *in Limine* to Bar Allegations of Witness Wrongdoing Not Involving Dishonesty was served pursuant to the district court's ECF system as to all ECF filers.

    */s/ Kelly M. Greening*
KELLY M. GREENING
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5300

9